[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11706
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 18, 2011
JOHN LEY
CLERK

Agency No. A096-090-340


MARTHA BEATRIZ HERNANDEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 18, 2011)

Before EDMONDSON, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Martha Hernandez, a native and citizen of Colombia, appeals the Board of

Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), as well as relief under the United Nations Convention Against Torture ("CAT"), based on a finding that the treatment she received did not rise to the extreme level necessary to constitute persecution and that no nexus to a protected ground existed. On appeal, Hernandez argues that the BIA erred in denying her asylum and withholding of removal because she suffered harm that is equal or greater than treatment that federal courts previously have stated constitutes persecution. After careful review, we deny the petition.[1]

We review the BIA's decision as the final judgment, unless the BIA has expressly adopted the IJ's decision. Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007). Here, because the BIA did not expressly adopt the IJ's decision, we review the decision of only the BIA.

The BIA's determinations on questions of law are reviewed de novo. Chen v. U.S. Att'y Gen., 513 F.3d 1255, 1257 (11th Cir. 2008). Findings of fact must be supported by substantial evidence. Id. Findings of fact are followed unless a reasonable fact finder would be compelled to a conclusion contrary to that of the BIA.

---

[1] In addition, Hernandez does not argue on appeal the BIA's denial of CAT relief. Therefore, that claim is abandoned. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding that issues not briefed are deemed abandoned).

Id. Accordingly, "[t]o conclude the BIA's decision should be reversed, we must find that the record not only supports the conclusion, but compels it." Ruiz, 479 F.3d at 762 (internal quotations omitted).

The Attorney General or Secretary of Homeland Security has discretion to grant asylum if the alien meets the definition of "refugee," as defined by 8 U.S.C. § 1101(a)(42)(A). See 8 U.S.C. § 1158(b)(1)(A). A refugee is defined as:

> any person who is outside any country of such person's nationality, or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear or persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status, and thereby establishing asylum eligibility. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "To establish asylum based on past persecution, the applicant must prove (1) that she was persecuted, and (2) that the persecution was on account of a protected ground." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006). "To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a subjectively genuine and objectively reasonable fear of persecution that is (2) on account of a

3

protected ground." Id. (internal citation and quotation marks omitted). A showing of past persecution creates a rebuttable presumption of a well-founded fear of future prosecution. Sepulveda, 401 F.3d at 1231.

"Persecution" is not defined in the INA, but we have described it as "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Id. (quotations omitted). We have also noted that mere harassment does not amount to persecution. Id. In Sepulveda, we held that repeated threats to an individual and her family, coupled with the bombing of the restaurant at which the alien worked, did not compel a finding of past persecution. See id. at 1232. We have held that detention for 36 hours, accompanied by beating by the police, does not compel a finding of past persecution. See Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1171, 1174 (11th Cir. 2008). We have also held that detention for 5 days, while being forced to watch reeducation videos, does not compel a finding of past persecution. See Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1290-91 (11th Cir. 2006).

To qualify for withholding of removal under the INA, an alien must show that if returned to her country, the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). To do so, the applicant must demonstrate that he more-likely-than-not would be persecuted upon return to the country in question.

4

Tang v. U.S. Att'y Gen., 578 F.3d 1270, 1277 (11th Cir. 2009). If a petitioner is unable to meet the lower standard of proof for asylum, she is generally precluded from qualifying for withholding of removal. Al Najjar, 257 F.3d at 1292-93.

Here, substantial evidence supports the BIA's conclusion that Hernandez failed to establish asylum eligibility based on past persecution. In her removal hearing, Hernandez described one incident in which she was threatened, but after receiving police protection, no further incidents occurred. Isolated threats do not rise to the extreme level necessary to constitute persecution. See Sepulveda, 401 F.3d at 1231. Therefore, the single threat from the FARC does not compel a finding of past persecution, and Hernandez cannot establish asylum eligibility on the ground of past conduct. See Silva, 448 F.3d at 1236.

Moreover, substantial evidence supports the BIA's conclusion that Herndandez failed to establish asylum eligibility based on a well-founded fear of future protection. Because Hernandez did not show past persecution, she is not entitled to a presumption of a well-founded fear of future persecution. See Sepulveda, 401 F.3d at 1231. The BIA correctly noted that Hernandez did not establish an objectively reasonable fear of future persecution. After the threat from the FARC in 1996, Hernandez lived in Colombia without incident for five years, running and eventually selling her business. Her family that remained in Colombia had not had any problems

5

with the FARC. She traveled freely from Colombia, and, in fact, returned twice after two earlier trips to the United States, which undermined the reasonableness of her claimed fear. Substantial evidence supports the BIA's determination that Hernandez failed to establish an objectively reasonable fear of persecution, and the record does not compel a contrary finding.

Finally, Hernandez's testimony does not support her argument that she was targeted based on her membership in the particular social group of business owners. In both her application and at the removal hearing, Hernandez testified that the FARC guerillas threatened her because they wanted her to transport gasoline for them. As a result, Hernandez's own statements do not support the conclusion that the FARC targeted her because she was a business owner. In fact, she offered no evidence that the FARC was even aware that she was a business owner. Rather, her testimony supports the BIA's conclusion that she was targeted due to her knowledge of gasoline transportation, which is an economic-based interest, not one of the enumerated grounds. Hernandez presented no evidence that other business owners had been targeted by the FARC, nor is any found in the Country Report, which lists targeted groups as journalists, human rights activists, political activists, security forces, local officials, court officials, teachers, and trade unionists. Therefore, substantial evidence

6

supports that BIA's determination that Hernandez failed to demonstrate a nexus to a protected ground, and the record does not compel a contrary finding.

Because Hernandez is unable to meet the standard of proof for asylum, she is also unable to meet the higher burden required for withholding of removal. See Al Najjar, 257 F.3d at 1292-93. Accordingly, the record does not compel the conclusion that the BIA's decisions should be reversed, and we therefore deny Hernandez's petition. See Ruiz, 479 F.3d at 765.

**PETITION DENIED.**